**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN MARLOWE,** | : | **CIVIL NO. 3:15-CV-1774** |
| | : | |
| **Petitioner,** | : | **(Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JENNIFER BOWSER, et al.** | : | |
| | : | |
| **Respondents.** | : | |

**REPORT AND RECOMMENDATION**

I.    **Statement of Facts and of the Case**

This case involves a habeas corpus petition filed by Kevin Marlowe, a federal prisoner housed in a half-way house, the Capitol Pavilion.  (Doc. 1.)  In his petition Marlowe raised some financial concerns, requesting that "(1) Capitol Pavilion refund any all [sic] money collected under this petition, and (2) cease and desist from collecting future money regarding this petition."  (Id., p. 8.)

On October 2, 2015, we directed the government to respond to this petition. While we were awaiting that response, on October 19, 2015, Marlowe filed a pleading which explained that, "After filing my petition with this court, the BOP has conceded and stated that they will not levy their tax on this expense.  They have returned my

1

money order.  This is a wonderful and correct step in settling this petition."  (Doc. 7, p.1.)  Given this action by the Bureau of Prisons, respondents suggest that the instant petition is now moot.  (Doc.8.)

We concur.

## II.    Discussion

The United States is correct in suggesting that this case is now moot and should be dismissed.  The mootness doctrine recognizes a fundamental truth in litigation: "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."  Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996).

In habeas corpus litigation there is a constitutional dimension to the mootness doctrine:

> Under Article III of the Constitution, a federal court may adjudicate "only actual, ongoing cases or controversies."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. (citing Allen v. Wright, 468 U.S. 737, 750-751 (1984); Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471-473 (1982)).  Article III denies the District Court the power to decide questions that cannot affect the rights of litigants before it, and confines it to resolving live controversies "admitting of specific relief through a decree of a

2

conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." <u>Aetna Life Insurance Co. v. Haworth</u>, 300 U.S. 227, 241 (1937).   The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome. <u>Lewis</u>, 494 U.S. at 477-478. "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.' " <u>Spencer</u>, 523 U.S. at 7 (quoting <u>Lewis</u>, 494 U.S. at 477).

<u>Burkey v. Marberry</u>, 556 F.3d 142, 147 (3d. Cir. 2009)(dismissing habeas petition as moot).

Applying this principle, it has been held that administrative action by government officials addressing the concerns raised by a habeas corpus petition often renders that petition moot.  <u>See e.g.</u>, <u>Novas v. Immigration & Customs Enforcement (ICE)</u>, 303 F. App'x 115, 118 (3d Cir. 2008); <u>Lindaastuty v. Attorney General</u>, 186 F. App'x 294 (3d Cir. 2006); <u>Sanchez  v. Attorney General</u>, 146 F. App'x 547 (3d Cir. 2005); <u>Burke v. Gonzales</u>, 143 F. App'x 474 (3d Cir. 2005); <u>Gopaul v. McElroy</u>, 115 F. App'x 530 (3d Cir. 2004).  These guiding principles apply here and now call for the dismissal of the instant petition as moot, since Marlowe has received the relief that he sought while this petition was pending.  Therefore, we recommend that this petition be dismissed as moot.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for

Writ of Habeas Corpus, and the Suggestion of Mootness filed by the Government in

this case, IT IS  RECOMMENDED that the Petition be DISMISSED as moot.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in 28
> U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition
> of a prisoner case or a habeas corpus petition within fourteen (14) days
> after being served with a copy thereof.  Such party shall file with the
> clerk of court, and serve on the magistrate judge and all parties, written
> objections which shall specifically identify the portions of the proposed
> findings, recommendations or report to which objection is made and the
> basis for such objections.  The briefing requirements set forth in Local
> Rule 72.2 shall apply.  A judge shall make a de novo determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made and may accept, reject, or
> modify, in whole or in part, the findings or recommendations made by the
> magistrate judge.  The judge, however, need conduct a new hearing only
> in his or her discretion or where required by law, and may consider the
> record developed before the magistrate judge, making his or her own
> determination on the basis of that record.  The judge may also receive
> further evidence, recall witnesses or recommit the matter to the
> magistrate judge with instructions.

Submitted this 21st day of October 2015.


                                        *S/Martin C. Carlson*
                                        Martin C. Carlson
                                        United States Magistrate Judge

4